IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL RICHARDSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 04-783-WS-C |
| | * | |
| THE MEGA LIFE AND HEALTH INSURANCE CO., NATIONAL ASSOCIATION FOR THE SELF EMPLOYED, et al., | * * * * | |
| | * | |
| Defendants. | * | |

**NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC.'S
<u>ANSWER TO COMPLAINT</u>**

COMES NOW, defendant National Association for the Self-Employed, Inc. (erroneously identified in the Complaint as "National Association for the Self Employed") ("NASE"), by and through its undersigned counsel, and in response to the Complaint filed on behalf of Plaintiff, says as follows:

<u>STATEMENT OF PARTIES</u>

1. Upon information and belief, NASE admits the allegations contained in paragraph no. 1 of Plaintiff's Complaint.

2. Upon information and belief, NASE admits that The MEGA Life and Health Insurance Company is a foreign corporation, which is duly qualified to conduct business in the State of Alabama.

3. NASE admits that it is a foreign non-profit corporation, which is duly qualified to conduct business in the State of Alabama.

4. NASE denies each and every allegation contained in paragraph no. 4 of Plaintiff's Complaint and demands strict proof thereof.

5. NASE is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph no. 5 of Plaintiff's Complaint and therefore denies same.

6. NASE admits that Mark Coalter, an independent contractor, met with Plaintiff to discuss enrollment as a member of NASE. NASE denies each and every remaining allegation contained in paragraph no. 6 of Plaintiff's Complaint and demands strict proof thereof.

7. NASE denies each and every allegation contained in paragraph no. 7 of Plaintiff's Complaint and demands strict proof thereof.

8. NASE denies each and every allegation contained in paragraph no. 8 of Plaintiff's Complaint and demands strict proof thereof.

9. NASE is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph no. 9 of Plaintiff's Complaint and therefore denies same.

10. NASE denies each and every allegation contained in paragraph no. 10 of Plaintiff's Complaint and demands strict proof thereof.

**COUNT ONE**

11. NASE expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 10 of Plaintiff's Complaint, as set forth fully herein.

12. NASE denies each and every allegation contained in paragraph no. 12 of Plaintiff's Complaint and demands strict proof thereof.

13. NASE denies each and every allegation contained in paragraph no. 13 of Plaintiff's Complaint and demands strict proof thereof.

NASE denies each and every allegation contained in the unnumbered paragraph following paragraph no. 13 of Plaintiff's Complaint and demands strict proof thereof. NASE specifically denies that Plaintiff is entitled to any relief whatsoever and prays for dismissal with its reasonable costs.

## COUNT TWO

14. NASE expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 13 of Plaintiff's Complaint, as set forth fully herein.

15. NASE denies each and every allegation contained in paragraph no. 15 of Plaintiff's Complaint and demands strict proof thereof.

16. NASE denies each and every allegation contained in paragraph no. 16 of Plaintiff's Complaint and demands strict proof thereof.

NASE denies each and every allegation contained in the unnumbered paragraph following paragraph no. 16 of Plaintiff's Complaint and demands strict proof thereof. NASE specifically denies that Plaintiff is entitled to any relief whatsoever and prays for dismissal with its reasonable costs.

## COUNT THREE

17. NASE expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 16 of Plaintiff's Complaint, as set forth fully herein.

18. NASE denies each and every allegation contained in paragraph no. 18 of Plaintiff's Complaint and demands strict proof thereof.

19. NASE denies each and every allegation contained in paragraph no. 19 of Plaintiff's Complaint and demands strict proof thereof.

NASE denies each and every allegation contained in the unnumbered paragraph following paragraph no. 19 of Plaintiff's Complaint and demands strict proof thereof. NASE specifically denies that Plaintiff is entitled to any relief whatsoever and prays for dismissal with its reasonable costs.

## COUNT FOUR

20. NASE expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 19 of Plaintiff's Complaint, as set forth fully herein.

21. NASE denies each and every allegation contained in paragraph no. 21 of Plaintiff's Complaint and demands strict proof thereof.

22. NASE denies each and every allegation contained in paragraph no. 22 of Plaintiff's Complaint and demands strict proof thereof.

NASE denies each and every allegation contained in the unnumbered paragraph following paragraph no. 22 of Plaintiff's Complaint and demands strict proof thereof. NASE specifically denies that Plaintiff is entitled to any relief whatsoever and prays for dismissal with its reasonable costs.

## COUNT FIVE

23. NASE expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 22 of Plaintiff's Complaint, as set forth fully herein.

24. NASE denies each and every allegation contained in paragraph no. 24 of Plaintiff's Complaint and demands strict proof thereof.

25. NASE denies each and every allegation contained in paragraph no. 25 of Plaintiff's Complaint and demands strict proof thereof.

NASE denies each and every allegation contained in the unnumbered paragraph following paragraph no. 25 of Plaintiff's Complaint and demands strict proof thereof. NASE specifically denies that Plaintiff is entitled to any relief whatsoever and prays for dismissal with its reasonable costs.

### COUNT SIX

26. NASE expressly adopts and realleges each and every response to the allegations contained in paragraph nos. 1 through 25 of Plaintiff's Complaint, as set forth fully herein.

27. NASE denies each and every allegation contained in paragraph no. 27 of Plaintiff's Complaint and demands strict proof thereof.

28. NASE denies each and every allegation contained in paragraph no. 28 of Plaintiff's Complaint and demands strict proof thereof.

NASE denies each and every allegation contained in the unnumbered paragraph following paragraph no. 28 of Plaintiff's Complaint and demands strict proof thereof. NASE specifically denies that Plaintiff is entitled to any relief whatsoever and prays for dismissal with its reasonable costs.

Having answered Plaintiff's Complaint paragraph by paragraph, NASE now asserts the following defenses and affirmative defenses:

### FIRST DEFENSE

NASE states that the transaction which is the subject of this action was voluntarily undertaken and that Plaintiff had an obligation and opportunity to read all documents presented to or signed by Plaintiff, that Plaintiff knowingly entered into the transaction having either

understood the transaction or having failed to avail himself of the opportunity to understand the transaction; and that said transaction is now complete.

## SECOND DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901.

## THIRD DEFENSE

The imposition of punitive damages in this case would violate the equal protection clause of Amendments V and XIV of the United States Constitution and would deprive NASE of the right to equal protection under the laws as provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure equality of treatment between and among similarly situated civil defendants in the same case or in different cases.

## FOURTH DEFENSE

Plaintiff seeks punitive damages in violation of the Due Process Clause to the Fourteenth Amendment of the Constitution of the United States in one or more of the following respects: (1) the punitive damages claimed are or may be vastly disproportionate to any actual damages; (2) the award of punitive damages would constitute an arbitrary and capricious taking of the property of NASE, a taking which is unjustified by any rational state purpose; and (3) the award of punitive damages violates substantive due process rights of NASE.

**FIFTH DEFENSE**

The award of punitive damages as claimed by the Plaintiff under current Alabama procedure would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States and Article I, Sections 1, 6 and 22 of the Constitution of Alabama, separately, on each of the following separate and several grounds: (1) the procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing; (2) the procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors; (3) the procedures fail to provide a limit on the amount of the award against NASE; (4) the procedures permit multiple awards of punitive damages for the same alleged act or omission; (5) the procedures fail to provide a clear and consistent appellate standard of review of any award of punitive damages; and (6) the procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

**SIXTH DEFENSE**

The procedures pursuant to which punitive damages are awarded subject NASE to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1 and 6 of the Alabama Constitution.

**SEVENTH DEFENSE**

Plaintiff's demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

**EIGHTH DEFENSE**

Plaintiff's demand for punitive damages violates the Fifth Amendment to the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

**NINTH DEFENSE**

Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Article I, Section 6, providing that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interest.

**TENTH DEFENSE**

Plaintiff's demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Article I, Section 6, and is unconstitutional under the Fifth Amendment to the United States Constitution, in that damages claimed are penal in nature, while NASE is compelled to disclose documents and/or other evidence without the constitutional safeguard against self-incrimination set out in said passages.

**ELEVENTH DEFENSE**

The assessment and adjudication against NASE of any punitive damages other than those measured according to its sole, individual wrongdoing would be improper and impermissible.

**TWELFTH DEFENSE**

While NASE denies that it is liable for any conduct that would support an award of punitive damages, NASE pleads the legislative cap on punitive damages contained in Alabama

Code § 6-11-21 (Supp. 1990). NASE further claims all of the benefits and limitations of Alabama Code §§ 6-11-20 through 6-11-30 as to punitive damages.

**THIRTEENTH DEFENSE**

The imposition of punitive damages against NASE in an amount exceeding any actual and potential harm by an excessive and/or unconstitutional ratio violates NASE's substantive due process rights as guaranteed by the United States Constitution.

**FOURTEENTH DEFENSE**

The imposition of punitive damages under Alabama's current system fails to provide "fair notice" to NASE that the alleged wrongful conduct could subject NASE to punishment, and also fails to provide "fair notice" of the severity of the punishment that the State could impose through an award of punitive damages. This lack of "fair notice" violates NASE's due process rights, both procedural and substantive, as guaranteed by the United States Constitution.

**FIFTEENTH DEFENSE**

The imposition of punitive damages against NASE in this case, if any, violates NASE's due process rights as guaranteed by the United States Constitution because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the defendant's alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

**SIXTEENTH DEFENSE**

The procedure for determining punitive damages specified under Alabama law violates NASE's right to due process, and otherwise violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, because the procedure for

determining punitive damages under Alabama law does not provide meaningful guidance to a jury in the determination of an appropriate punitive damages award and does not constrain a jury or otherwise reduce the risk of an arbitrary or grossly excessive punitive damages verdict.

### **SEVENTEENTH DEFENSE**

The imposition of punitive damages under Alabama law would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, in each of the following ways:

(a) The imposition of unlimited punitive damages that are vastly disproportionate to any actual or compensatory injury, violates the Fourteenth Amendment of the United States Constitution.

(b) Disproportionate punitive damages constitute an arbitrary and capricious taking of property which is unjustified by any rational governmental interest, thereby violating the Fifth and Fourteenth Amendments of the United States Constitution.

(c) The award of any punitive damages without specific standards to guide the jury's discretion in determining the <u>amount</u> of damages is contrary to due process under the Fourteenth Amendment of the United States Constitution.

(d) Alabama does not provide a reasonable limit on the amount of any punitive damages award, thus violating the Fourteenth Amendment of the United States Constitution.

(e) The substantive standards of liability under which punitive damages are sought in this case are ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the United States Constitution.

(f) Alabama fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

(g) Alabama law permits civil punishment upon a standard of proof less than that required for the imposition of criminal sanctions.

  (h)  Alabama law permits joint and several punishment of defendants who are guilty of different acts and degrees of culpability.

  (i)  Alabama law permits multiple awards of punitive damages for the same alleged act or omission.

  (j)  Alabama law permits the award of punitive damages in an amount that constitutes an "excessive fine" thereby violating NASE's Eighth Amendment rights.

## EIGHTEENTH DEFENSE

On May 14, 2001, the United States Supreme Court released its opinion in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001), and after citing the constitutional excessiveness protections contained in the Eighth Amendment of the United States Constitution, held that the amount of punitive damages "is not really a fact 'tried' by the jury," and the right to a jury trial is therefore not implicated. Consequently, Plaintiff's demand for a jury trial to the extent that he seeks the jury to award punitive damages should be stricken.

## NINETEENTH DEFENSE

NASE affirmatively pleads the defenses and protections set forth in *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## TWENTIETH DEFENSE

Each and every allegation in the Complaint directed to NASE fails to state a claim against NASE for which relief may be granted.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

**TWENTY-SECOND DEFENSE**

NASE is entitled to a set-off and credit for any and all sums paid to or on Plaintiff's behalf by any other party or collateral source as a result of or related to this lawsuit. To the extent that any damages claimed by Plaintiff has been, or will be, indemnified, in whole or in part, from any other party or collateral source, any verdict or judgment against NASE must be reduced by those amounts pursuant to Alabama Code § 6-5-522.

**TWENTY-THIRD DEFENSE**

Plaintiff is not entitled to recover to the extent that any damages were caused by Plaintiff's failure to mitigate his damages, or in the alternative, Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, waiver, statute of frauds, parol evidence rule, estoppel, unclean hands, contributory negligence and/or failure to read.

**TWENTY-FIFTH DEFENSE**

The award of any damages under the allegations of the Complaint would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I, Section 10, cl. 1, of the United States Constitution and Article I, Section 22 of the Alabama Constitution, in that Plaintiff's claims are in derogation of the express terms contained in the documents that form the basis of the claims against NASE and contractually agreed upon by Plaintiff.

**TWENTY-SIXTH DEFENSE**

All allegations contained in Plaintiff's Complaint that are not specifically admitted are denied.

**TWENTY-SEVENTH DEFENSE**

NASE would affirmatively show that any damages or injuries suffered by Plaintiff, if any, were due to Plaintiff's own actions or inactions and Plaintiff cannot recover any amount from NASE and that the sole proximate cause of any injuries or damages was the result of Plaintiff's own actions or inactions.

**TWENTY-EIGHTH DEFENSE**

NASE adopts all other affirmative defenses asserted by other defendants to the extent they are applicable to the claims stated against NASE.

**TWENTY-NINTH DEFENSE**

NASE reserves the right to amend its answer and assert such additional defenses as may be available upon the development of facts in the discovery process or otherwise in the course of this litigation and under applicable substantive law.

WHEREFORE, having fully answered, NASE prays that Plaintiff's Complaint filed herein against it will be dismissed on its merits and with prejudice to the bringing of any further action at the cost of Plaintiff.

                                          */s/ Pamela A. Moore*
                                          JAMES W. LAMPKIN II (LAMPJ7474)
                                          PAMELA A. MOORE (MOORP5421)
                                          Attorneys for National Association for the
                                          Self-Employed, Inc.

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2004, the foregoing document was electronically filed with the Clerk of the United States District Court, Southern District, Southern Division using the CM/EMF system, and that I have served a copy of the foregoing on counsel for plaintiff by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid, as follows:

Philip G. Perkins, Esq.
The Law Offices of Stuart C. DuBose, P.C.
Post Office Box 156
Thomasville, Alabama  36784

Done this 9th day of December, 2004.


                            /s/ Pamela A. Moore_____
                            COUNSEL